UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE *MARSHALL COMPLEX FIRE* <br> JASON AND LAURA JONGEWARD, husband and wife; GORDON and JEANNIE JONGEWARD, husband and wife as Trustees of the Jongeward Family Trust; RICHARD AND PATRICIA LINN, by Jennifer Linn, Attorney in Fact; ERIC and LISA KOOHNS, husband and wife; CHARLES POTTER, a single man; JOANN POTTER, a single woman; SCOTT AND MICHELLE SIMMONS, husband and wife; RICK AND CHRIS HOSMER, husband and wife; JACK GILLINGHAM, a single man; KEITH AND MARIANNE GESCHKE, husband and wife; and RANDY AND COLLEEN GESCHKE, husband and wife, and GEANA VAN DESSEL, a single woman, <br><br> Plaintiffs, <br><br> v. <br><br> BNSF RAILWAY COMPANY, commonly known as THE BURLINGTON NORTHERN SANTA FE RAILWAY, a Delaware corporation doing business in the State of Washington, <br><br> Defendant. | NO. CV-09-0010-RMP <br><br><br> ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

**I. INTRODUCTION**

Before the Court is Defendant's Motion for Partial Summary Judgment (Ct. Rec. 62). Pursuant to FED. R. CIV. P. 56., the Defendant moves the Court for

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

summary judgment dismissal of the Plaintiffs' statutory claims for treble damages and dismissal of the claims of Christopher Collins, Kelly Collins, and Holly King.

The Court has considered the Defendant's Motion for Partial Summary Judgment (Ct. Rec. 62) and accompanying brief (Ct. Rec. 64) declaration and exhibits (Ct. Rec. 65), the Plaintiffs' response (Ct. Rec. 72) Counter Statement of Undisputed Facts (Ct. Rec. 73) declaration and exhibits (Ct. Rec. 74), and Defendant's reply memorandum (Ct. Rec. 79), and the remaining pleadings and file in this case.

A telephonic hearing was held on March 25, 2010. Mr. Richard Eyman appeared on behalf of the Plaintiffs. Mr. Jeffrey Aultman appeared on behalf of the Defendant.

## II. BACKGROUND

The following facts are either undisputed or, where a dispute exists, viewed in the light most favorable to the Plaintiffs.

Plaintiffs are individuals and married couples who have an interest in real property in the Marshall area of Spokane County, Washington (Ct. Rec. 53, p. 2-4). Defendant BNSF Railway Company, also known as the Burlington Northern Santa Fe Railway Company, ("BNSF") operates a railroad in Washington and elsewhere on railroad lines that it owns and maintains, including a line between Spokane, Washington, and Pasco, Washington. (Ct. Rec. 53, p. 5); (Ct. Rec. 54, p. 3-4).

On August 11, 2007, a BNSF train consisting of three locomotives and seventy railcars left Spokane, Washington, around 10:45 a.m. headed for Pasco, Washington (Ct. Rec. 64, p. 4); *see also* (Ct. Rec. 2-3). The weather that day was hot and dry with a light wind (Ct. Rec. 65, p. 11, 14). As the train passed through Marshall, approximately ten miles southwest of Spokane, fire broke out at six

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

points along the BNSF right-of-way and spread quickly to damage two houses and more than 360 acres of land (Ct. Rec. 65, p. 14).  When the train was approximately five or six miles past Marshall, a BNSF dispatcher called Bo Hansen, the conductor on the train, and requested that Mr. Hansen perform a walking inspection of the train as soon as feasible (Ct. Rec. 65, p. 29).  Mr. Hansen and the rest of the crew stopped the train, and Mr. Hansen walked up and down the length of the train and saw nothing wrong (Ct. Rec. 65, p. 29-30).  Mr. Hansen testified in his deposition that he also had looked back to view the train several times between Spokane and Cheney, which is past Marshall, to watch for "[s]moke, cars dragging, sparks, fire, basically anything that could go wrong with the train" (Ct. Rec. 65, p. 31).

The Washington State Department of Natural Resources ("DNR") responded to the fire and investigated its cause (Ct. Rec. 65, p. 17).  The DNR report following the investigation ruled out lightning, recreation, smoking, heavy equipment, arson, children, fireworks, and power lines as causes of the fire; the report found that the BNSF train was responsible for the fires (Ct. Rec. 65, p. 21).

One of the three locomotives on the BNSF train on August 11, 2007, was Locomotive 1805, a locomotive used in yard service for three years before August 2007 (Ct. Rec. 74, p. 17).  The Plaintiffs allege that BNSF issued a directive in February, 2000, requiring BNSF shop and field superintendents to take specific actions before moving yard locomotives, like Locomotive 1805, over the road (Ct. Rec. 74, p. 13).  The directive set out three options of how to prepare a yard locomotive before moving it (Ct. Rec. 74, p. 13).  Two of the options involve a requirement to inspect and clean spark arrestors and eductor tubes on the locomotive (Ct. Rec. 74, p. 13).  The Defendant, in making its summary judgment motion, contends that Locomotive 1805 was inspected and offers a work log for

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

the locomotive that shows inspection entries for August 7, 2007, in Spokane and August 11, 2007, in Pasco (Ct. Rec. 80, p. 8). However, there is no explanation or elaboration on the work log as to what the inspection consisted of or what the inspection showed (Ct. Rec. 80, p. 8).

The Plaintiffs sued BNSF for the damage from the Marshall fires, alleging that BNSF intentionally caused waste and damage to Plaintiffs' property, created a nuisance under RCW 7.48.120 and RCW 7.48.150, intentionally or unreasonably committed common law trespass, "wrongfully, recklessly, and negligently ignited and allowed the fire to escape" to the Plaintiffs' lands in violation of RCW 4.24.040, committed acts subjecting BNSF to liability under RCW 64.12.030 (providing for treble damages), and committed acts subjecting BNSF to liability under RCW 4.24.630 (providing for treble damages, restoration costs, and attorney fees) (Ct. Rec. 53, p. 7-9).

### III. DISCUSSION

As a preliminary matter, the Court notes that the Plaintiffs filed a Motion for Order for Voluntary Dismissal of Christopher Collins, Kelly Collins, and Holly King as plaintiffs on March 25, 2010 (Ct. Rec. 93). The Court granted the motion on April 1, 2010 (Ct. Rec. 99). The Court, then, finds that Defendant's motion for partial summary judgment is moot with respect to its requested dismissal of those three former plaintiffs' claims.

The Defendant's request to dismiss the treble damages claims is discussed below.

**A.    Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325.  The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324 (quoting FED.R.CIV.P. 56(e)).  The evidence presented by both the moving and non-moving parties must be admissible.  FED.R.CIV.P. 56(e).

The Court, in deciding a summary judgment motion, views the evidence in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.  The summary judgment standard mirrors the standard governing when a trial judge must direct a verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.  A mere "scintilla of evidence in support of the non-moving party's position" is insufficient. *Triton Energy Corp. V. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995).

B.  **Admissibility of Evidence Presented by the Parties**

The Defendant argues that the Plaintiffs' treble damages claims should not survive summary judgment because the Plaintiffs do not support with admissible

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

evidence their contention that the Defendant acted willfully or recklessly under RCW 64.12.030 or wrongfully under RCW 4.24.630.  The Defendant contests the admissibility of the following evidence offered by Plaintiff to rebut the summary judgment motion:

1. a section of a DNR Report that summarizes railroad-caused fires in the Cheney/Marshall area from 1970 until May 2006 (Ct. Rec. 74, p. 7-11); and

2. 2009 System Locomotive Policy (Ct. Rec. 74, p. 27).

The portion of the DNR Report relied on by Plaintiffs is not part of the portion of the DNR Report submitted by Defendant in support of the motion for partial summary judgment.  *See* (Ct. Rec. 65, p. 13-23).  The Defendant asks the Court to strike the portion of the DNR Report submitted by Plaintiffs on the ground that the Plaintiffs offer the report without authenticating it.

The proponent of a writing as evidence must authenticate the document by producing evidence sufficient for the Court to find that the writing is what the proponent claims it to be.  FED. R. EVID. 901.  Authentication or identification is a condition precedent to admissibility.  FED. R. EVID. 901.  Regarding the document in question, there is a name, "Matt Castle" at the top of the document, but no signature (Ct. Rec. 74, p. 7).  Plaintiffs' counsel, Richard Eymann, declares that the copy of the Report, attached to counsel's declaration, is "true and correct" but offers no personal knowledge of the document's preparation, as required by FED. R. EVID. 602.  There are no indicia of authenticity similar to the examples listed in FED. R. EVID. 901(b), nor is there the required documentation to be self-authenticating under FED. R. EVID. 902.  There is insufficient evidence supporting that the "Summary of Railroad caused fires on DNR Protection in the Marshal[sic]/Cheney Area" is authentic.  FED. R. EVID. 901.  Therefore, the Court

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

does not consider the portion of the DNR report concerning past fires in the Marshall/Cheney area (ct. Rec. 74, p. 7-11) in rendering its decision on the Defendant's summary judgment motion. FED.R.CIV.P. 56(e).

In addition, the Defendant argues that the 2009 System Locomotive Policy is inadmissible both because it is a subsequent remedial measure taken after the 2007 fire at issue in violation of FED. R. EVID. 407 and because the document is not properly authenticated under FED. R. EVID. 901(a). The Court agrees that the 2009 Policy (Ct. Rec. 74, p. 27) is inadmissible under FED. R. EVID. 407 and does not consider the Policy in deciding this motion.

## C. Treble Damages Provisions under the Timber Trespass Statutes

In their Amended Complaint, the Plaintiffs ask the Court, in the event of a verdict in their favor that includes a finding that BNSF violated either RCW 64.12.030 or RCW 4.24.630, to "*sua sponte* treble the damages as set by the jury for any damage as appropriate under [either] statute" (Ct. Rec. 54, p. 11-12). The Defendant moves for summary judgment on the treble damages claims on the ground that the trespass was of only negligent magnitude and argues that no evidence supports that BNSF acted willfully or recklessly under RCW 64.12.030 or wrongfully under RCW 4.24.630.

RCW 64.12.030 allows the Court to treble the damages awarded to a victim of a timber trespass. However, section .040 of the same statute provides that "if upon trial of such action it shall appear the trespass was casual or involuntary," the Court shall award only single damages. RCW 64.12.040. So, "[o]nce a trespass is established, the burden shifts to the defendant to show it was not willful or reckless, but rather was casual or involuntary . . . ." *Hill v. Cox*, 110 Wn. App. 394, 41 P.3d 495 (2003) (citing *Seattle-First Nat'l Bank v. Brommers*, 89 Wn.2d 190, 197-98, 570 P.2d 1035 (1977)).

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

Treble damages are also available for waste or injury to the land or personal property or improvements on the land pursuant to RCW 4.24.630(1). Under that statute, the plaintiff/victim of timber trespass must show that the defendant "wrongfully" caused waste or injury to the land or wrongfully injured personal property or improvements to real estate on the land. RCW 4.24.630(1). A person acts "wrongfully" under the statute "if the person intentionally and unreasonably commits the act or acts . . .." RCW 4.24.630(1). RCW 4.24.630 does not apply where liability for damages is available under RCW 64.12.030 or in several other circumstances. RCW 4.24.630(2).

The Defendant supported its motion to dismiss the treble damages claims with the following evidence: DNR Fire Investigation Follow-Up Report and related Letter to BNSF and Incidental Incident Report (Ct. Rec. 65, p. 7-24); and Deposition of Conductor Bo Hansen (Ct. Rec. 65, p. 25-34).

In its response, the Plaintiff relied on the 2000 Directive (Ct. Rec. 74, p. 13) and Deposition of BNSF Engineer Fred Maxwell (Ct. Rec. 74, p. 21-25) to argue that one or more material questions of fact persist.

The Defendant replied with additional evidence in the form of the work report for Locomotive 1805 that the Defendant had disclosed to Plaintiff in Defendant's First Supplemental Fed. R. Civ. P. 26(a)(1) Initial Disclosures. (Ct. Rec. 80, p. 4-8.)

As the Defendant acknowledges in the reply brief (Ct. Rec. 79, p. 6) the 2000 Directive requires an inspection before a yard locomotive may be moved on a mainline track (Ct. Rec. 74, p. 13). The work report submitted by Defendant is inadequate to resolve the question of whether the appropriate inspection occurred, and, if so, whether the locomotive in question passed the inspection and whether the specific actions noted in the 2000 Directive had been accomplished. These are

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8


all factual issues that must be addressed by a fact finder. Based on the submitted evidence, a rational fact finder may or may not conclude that the Defendant acted willfully, recklessly, intentionally, or unreasonably. *See, e.g., Koirala v. Thai Airways Intern., Ltd.*, 126 F.3d 1205, 1209 (9th Cir.1997) (willful misconduct may be shown by circumstantial evidence).

The Defendant did not meet its burden of demonstrating an absence of evidence supporting that the Defendant's conduct was either casual or involuntary rather than willful or reckless, under RCW 64.12.030, or that the Defendant did not act intentionally or unreasonably in violation of RCW 4.24.630. *See Celotex Corp.*, 477 U.S. at 325. There remains, therefore, a material question, or questions, or fact that makes summary judgment inappropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's Motion for Partial Summary Judgment (**Ct. Rec. 62**) is **DENIED**. Defendant's motion is denied in part for mootness and in part for failure to demonstrate the absence of a genuine issue of material fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 6th day of April, 2010.

                           *s/ Rosanna Malouf Peterson*
                           ROSANNA MALOUF PETERSON
                           United States District Court Judge


ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9