UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

IN RE *MARSHALL COMPLEX FIRE*
JASON AND LAURA
JONGEWARD, husband and wife;
GORDON and JEANNIE
JONGEWARD, husband and wife as
Trustees of the Jongeward Family
Trust; RICHARD AND PATRICIA
LINN, by Jennifer Linn, Attorney in
Fact; ERIC and LISA KOOHNS,
husband and wife; CHARLES
POTTER, a single man; JOANN
POTTER, a single woman; SCOTT
AND MICHELLE SIMMONS,
husband and wife; RICK AND
CHRIS HOSMER, husband and wife;
JACK GILLINGHAM, a single man;
KEITH AND MARIANNE
GESCHKE, husband and wife; and
RANDY AND COLLEEN
GESCHKE, husband and wife, and
GEANA VAN DESSEL, a single
woman,

       Plaintiffs,

       v.

BNSF RAILWAY COMPANY,
commonly known as THE
BURLINGTON NORTHERN
SANTA FE RAILWAY, a Delaware
corporation doing business in the
State of Washington,

       Defendant.

NO.  CV-09-0010-RMP

**ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT**

# I.  INTRODUCTION

Before the Court is Plaintiffs' summary judgment motion (Ct. Rec. 66).

Pursuant to FED. R. CIV. P. 56, the Plaintiffs move the Court to determine the

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 1

1  Defendant's liability as a matter of law.  In addition, the Plaintiffs move the Court
2  to strike Defendant's affirmative defenses pursuant to FED. R. CIV. P. 56 and FED.
3  R. CIV. P. 11(b)(3) and (4).

4       The Court has considered the Plaintiffs' Motion to Determine Liability as a
5  Matter of Law and to Strike Defendant BNSF's Affirmative Defenses Pursuant to
6  FED. R. CIV. P. 11(b)(3) and (4) and FED. R. CIV. P. 56 (Ct. Rec. 66) and
7  accompanying brief (Ct. Rec. 67) declaration and exhibits (Ct. Rec. 69), the
8  Defendant's response (Ct. Rec. 72) declaration and exhibits (Ct. Rec. 76),
9  Plaintiffs' reply memorandum (Ct. Rec. 82),and the remaining pleadings and file
10 in this case.

11      The Court held a telephonic hearing on March 25, 2010.  Mr. Richard
12 Eymann and Mr. Steven Jones appeared on behalf of the Plaintiffs.  Mr. Jeffrey
13 Aultman appeared on behalf of the Defendant (Ct. Rec. 94).

## II. BACKGROUND

15      The following facts are either undisputed or, where a dispute exists, viewed
16 in the light most favorable to the Defendant.

17      Plaintiffs are individuals and married couples who have an interest in real
18 property in the Marshall area of Spokane County, Washington (Ct. Rec. 53, p. 2-
19 4).  Defendant BNSF Railway Company, also known as the Burlington Northern
20 Santa Fe Railway Company ("BNSF"), operates a railroad in Washington and
21 elsewhere on railroad lines that it owns and maintains, including a line between
22 Spokane, Washington, and Pasco, Washington.  (Ct. Rec. 53, p. 5); (Ct. Rec. 54, p.
23 3-4).

24      On August 11, 2007, a BNSF train consisting of  three locomotives and
25 seventy railcars left Spokane around 10:45 a.m. headed for Pasco (Ct. Rec. 64, p.
26 4).  The weather that day was hot and dry with light wind (Ct. Rec. 65, p. 11, 14).
27 As the train passed through Marshall, approximately ten miles southwest of
28 Spokane, fire broke out at six points along the BNSF right-of-way and spread

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 2

1  quickly to damage two houses and more than 360 acres (Ct. Rec. 65, p. 14). Many
2  trees were burned (Ct. Rec. 53, p. 6). When the train was approximately five or
3  six miles past Marshall, a BNSF dispatcher called Bo Hansen, the conductor on
4  the train, and requested that Mr. Hansen perform a walking inspection of the train
5  as soon as feasible (Ct. Rec. 65, p. 29). Mr. Hansen and the rest of the crew
6  stopped the train, and Mr. Hansen walked up and down the length of the train and
7  saw nothing wrong (Ct. Rec. 65, p. 29-30). Mr. Hansen testified in his deposition
8  that he also had looked back several times between Spokane and Cheney, the latter
9  of which is past Marshall, to view the train and watch out for "[s]moke, cars
10  dragging, sparks, fire, basically anything that could go wrong with the train" (Ct.
11  Rec. 65, p. 31).

12      The Washington State Department of Natural Resources ("DNR")
13  responded to the fire and investigated its cause (Ct. Rec. 65, p. 17). The DNR
14  report following the investigation ruled out lightning, recreation, smoking, heavy
15  equipment, arson, children, fireworks, and power lines as causes of the fire; the
16  report found that the BNSF train caused the fires (Ct. Rec. 65, p. 21).

17      The Plaintiffs allege that BNSF paid the costs incurred by DNR in
18  suppressing the fires, which DNR had billed to BNSF in the amount of
19  $460,246.22 (Ct. Rec. 69, p. 16).

20      The Plaintiffs sued BNSF for the damage from the Marshall fires, alleging
21  that BNSF intentionally caused waste and damage to Plaintiffs' property, created a
22  nuisance under RCW 7.48.120 and RCW 7.48.150, intentionally or unreasonably
23  committed common law trespass, "wrongfully, recklessly, and negligently ignited
24  and allowed the fire to escape" to the Plaintiffs' lands in violation of RCW
25  4.24.040, committed acts subjecting BNSF to liability under RCW 64.12.030
26  (providing for treble damages), and committed acts subjecting BNSF to liability
27  under RCW 4.24.630 (providing for treble damages, restoration costs, and attorney
28  fees) (Ct. Rec. 53, p. 7-9).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 3

1    Defendant BNSF raised the following affirmative defenses in its answer: (1)

2    failure to mitigate damages, (2) comparative fault, (3) intervening/superseding

3    cause, (4) non party fault, (5) assumption of risk, (6) federal preemption, (7)

4    waiver/laches, (8) estoppel, (9) offset, (10) release, and (11) accidental, casual, or

5    involuntary conduct (Ct. Rec. 54, p. 7-9).

6    The parties engaged experts to appraise the damage to the trees on the

7    damaged properties and estimate the property owners' restoration needs. Jim

8    Flott, an arborist who prepared a report for the Plaintiffs, found that the property

9    owners had maintained the area that was burned regularly before the fire (Ct. Rec.

10   76-1, p. 9). Mr. Flott also found that the property owners removed dead trees and

11   periodically removed understory debris (Ct. Rec. 76-1, p. 9). Roger Kjelgren, a

12   professor at Utah State University, prepared a report for the Defendant that found

13   that the Plaintiffs had not controlled pine seedlings growing around larger, mature

14   trees (Ct. Rec. 76-5, p. 46, 49-50). Dr. Kjelgren reported that these uncontrolled

15   seedlings created a fire hazard that was in place at the time of the fire (Ct. Rec. 76-

16   5, p. 46, 50). Dr. Kjelgren also found that the August 11, 2007, fire spread quickly

17   across the Plaintiffs' properties "because of weather and particularly the

18   abundance of fuel from dead plant material and water stressed trees" (Ct. Rec. 76-

19   5, p. 46).

20                          **III. DISCUSSION**

21   As a preliminary matter, the Court notes that the Defendant has withdrawn

22   the following affirmative defenses: intervening/superseding cause, non party fault,

23   assumption of risk, federal preemption, waiver/laches, estoppel, and offset (Ct.

24   Rec. 5, p. 6-7). The Court also notes that the Plaintiffs relied in part on FED. R.

25   CIV. P. 11(b) to support their assertion that the Defendant's denials of liability are

26   frivolous and lack factual support. However, in their reply briefing (Ct. Rec. 82)

27   and at oral argument, the Plaintiffs conceded that they do not seek Rule 11

28   sanctions and rely exclusively on FED. R. CIV. P. 56 as the federal civil rule

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 4

1  supporting relief.  The Court shall not engage, then, in a FED. R. CIV. P. 11

2  sanctions analysis.

3      This Court has jurisdiction pursuant to 28 U.S.C. §1332.  As such, the Court

4  will apply Washington state substantive law.  *Erie R.R. v. Tompkins*, 304 U.S. 64,

5  78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

6  **A.    Summary Judgment Standard**

7      Summary judgment is appropriate "if the pleadings, depositions, answers to

8  interrogatories, and admissions on file, together with the affidavits, if any, show

9  that there is no genuine issue as to any material fact and that the moving party is

10  entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party

11  bears the initial burden of demonstrating the absence of a genuine issue of material

12  fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party

13  must  demonstrate to the Court that there is an absence of evidence to support the

14  non-moving party's case.  *See Celotex Corp.*, 477 U.S. at 325.  The burden then

15  shifts to the non-moving party to "set out 'specific facts showing a genuine issue

16  for trial.'"  *Celotex Corp.,* 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)).

17      A genuine issue of material fact exists if sufficient evidence supports the

18  claimed factual dispute, requiring "a jury or judge to resolve the parties' differing

19  versions of the truth at trial." *T.W. Elec. Service, Inc. V. Pacific Elec. Contractors*

20  *Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).  At summary judgment, the court draws

21  all reasonable inferences in favor of the nonmoving party.  If the nonmoving party

22  produces evidence that contradicts evidence produced by the moving party, the

23  court must assume the truth of the nonmoving party's evidence with respect to that

24  fact. *T.W. Elec. Service, Inc.*, 809 F.2d at 631.  The evidence presented by both

25  the moving and non-moving parties must be admissible. FED. R. CIV. P. 56(e).

26  Furthermore, the court will not presume missing facts, and non-specific facts in

27  affidavits are not sufficient to support or undermine a claim.  *Lujan v. Nat'l*

28  *Wildlife Fed'n*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 5

**B.    Liability as a Matter of Law**

In their complaint, the Plaintiffs raised claims of negligence, trespass, nuisance under RCW 7.48.120 (defining nuisance) and RCW 7.48.150 (defining private nuisance), trespass, and negligently igniting and allowing a fire to spread under RCW 4.24.040 (providing for an action for negligently permitting a fire to spread from one's own property to another's) (Ct. Rec. 53, p. 7-8).  The Plaintiffs also request treble damages under RCW 64.12.030 and/or RCW 4.24.630 (Ct. Rec. 53, p. 8-9).

The Plaintiffs' summary judgment briefing did not make clear upon which theory or theories of liability the Plaintiffs move the Court to find liability as a matter of law.  At oral argument, the Plaintiffs asserted that the motion for a determination of liability as a matter of law is based on its statutory claims, except for nuisance, and its negligence claim.

Negligence requires (1) a duty to conform to a certain standard of conduct owed to the complaining party, (2) a breach of that duty, and (3) a showing that the breach was the proximate cause of the complaining party's injury, and (4) legally compensable damages.  *See, e.g., Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999), *aff'd in part, rev'd in part on other grounds*, 155 Wn.2d 306, 119 P.3d 825 (2005).  RCW 4.24.040 creates a cause of action for negligently permitting a controlled burn to spread.  The elements of negligence apply to that cause of action as well.  *See General Ins. Co. Of America v. Norther Pac. Ry.Co.*, 280 U.S. 72, 77, 50 S.Ct. 44 (1929).

Plaintiffs offer the following exhibits in support of their motion: a portion of the DNR Investigation Follow-up Report (Ct. Rec. 69, p. 6-15); a check from BNSF to DNR, care of the Office of Attorney General, for $260,246.22 (Ct. Rec. 69, p. 16); and Defendant's responses to Plaintiffs' Interrogatories, Nos. 8, 9, 10, 11, 12, 14, 15, and 16 (Ct. Rec. 69, p. 17-23).

The Defendant contends that the Plaintiffs cannot rely on the DNR Report

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 6

1  for purposes of summary judgment because it is inadmissible as hearsay and as an
2  unauthenticated document.   The Plaintiffs respond that the report qualifies for an
3  exception to the hearsay rule as a public report under FED. R. EVID. 803(8) and is,
4  thus, self-authenticating.

5       If documents are to be authenticated through personal knowledge to
6  support a summary judgment motion, the proponent of the documents must attach
7  them "to an affidavit that meets the requirements of [FED. R. CIV. P.] 56(e) and the
8  affiant must be a person through whom the exhibits could be admitted into
9  evidence." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987)
10  (citation omitted); *see also Orr*, 285 F.3d at 774, note 8 ("A document can be
11  authenticated [under rule 901(b)(1) by a witness who wrote it, signed it, used it, or
12  saw others do so.") (quoting 31 Wright & Gold, *Federal Practice & Procedure:*
13  *Evidence* § 7106, 43 (2000)).  A proper foundation also may be established
14  through means other than personal knowledge, including any of the means
15  included in FED. R. EVID. 901 or permitted as self-authenticating by FED. R. EVID.
16  902 if the proper certification is affixed to the document. *See* FED. R. EVID. 902;
17  *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 775 (9th Cir.2002).

18       Evidence supporting or opposing a summary judgment motion must be
19  admissible. FED. R. CIV. P. 56(e).  The Plaintiffs cite *Alexander v. CareSource*,
20  576 F.3d 551 (6th Cir.2009), as authority for the proposition that the DNR Report
21  is self-authenticating as a public record.  However, *Alexander*, apart from not
22  being binding authority, determined that "lack of personal knowledge is not a
23  proper basis for exclusion of a report otherwise admissible under Rule 803(8)."
24  576 F.3d at 562-63.  The *Alexander* court had made a threshold determination that
25  the report in question was self-authenticating under FED. R. EVID. 902(1) because
26  it contained the seal of the State of Ohio.  576 F.3d at 561.  Although FED. R.
27  EVID. 803(8) may resolve the hearsay objection relating to the DNR report here,
28  the report does not satisfy the threshold requirement of authentication.   The DNR

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 7

1    report is not self-authenticating; it does not contain a seal, as required by FED. R.

2    EVID. 902(1), or certified as required by FED. R. EVID. 902(2) or (4). The

3    Plaintiffs do not authenticate the document by other means. FED. R. EVID. 901.

4    Therefore, the DNR report is not admissible and the Court will not consider the

5    DNR report for purposes of this motion.

6         Defendant also challenges the admissibility of the check as unauthenticated

7    and inadmissible hearsay under FED. R. EVID. 801. The Court agrees that the

8    exhibit purporting to be a check from BNSF to DNR is not authenticated. The

9    Plaintiffs have not submitted an affidavit or deposition testimony of anyone with

10   personal knowledge of the check. *See Orr v. Bank of America, NT & SA*, 285 F.3d

11   764, 777 (9th Cir.2002). Nor have the Plaintiffs utilized alternative means of

12   authentication under FED. R. EVID. 901 or FED. R. EVID. 902. The Court,

13   therefore, cannot consider the DNR Report or the check for purposes of this

14   summary judgment motion. FED. R. CIV. P. 56(e).

15        For the Court to grant summary judgment, the Plaintiffs must show the

16   absence of a genuine issue of material fact on each essential element of their

17   theories for liability, for which the Plaintiffs will have the burden of proof at trial.

18   *See Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir.2006).

19   The Plaintiffs have not addressed several essential elements of negligence or their

20   claim under RCW 4.24.040. The evidence remaining for the court to consider are

21   the Defendant's responses to the Plaintiffs' interrogatories, which only support

22   that the Defendant stated repeatedly that their investigation was "in its preliminary

23   phases" (Ct. Rec. 69, p. 17-23). The Plaintiffs emphasize that the Defendant failed

24   to supplement their responses later in discovery. (Ct. Rec. 68, p. 3). But these

25   facts do not support the Plaintiffs' assertion that all of the essential elements of

26   negligence or permitting a fire to spread under RCW 4.24.040 are undisputed. The

27   Plaintiffs, therefore, have not met their burden of demonstrating that they are

28   entitled to judgment as a matter of law on the issue of liability for negligence

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 8

1   claims. FED. R. CIV. P. 56.

2

3   **C.**   **Affirmative Defenses**

4       1.   *Failure to Mitigate*

5       The nonmoving party may avoid summary judgment against it only by

6   showing a genuine issue of material fact as to an essential element on which that

7   party will bear the burden of proof at trial. *Lake Nacimiento Ranch Co. v. San*

8   *Luis Obispo County*, 841 F.2d 872, 876 (9th Cir.1987).

9       Plaintiffs contend that BNSF has produced no evidence to support that any

10   of the Plaintiffs failed to use reasonable efforts to mitigate their damages or to

11   support the amount by which the damages would have been mitigated. The

12   Defendant responds by submitting portions of deposition testimony of three of the

13   Plaintiffs, Scott Simmons, Charles Potter, and Keith Geschke. Mr. Simmons

14   testified that in November 2009 he was still in the process of removing burnt trees

15   from the August 2007 fire (Ct. Rec. 76-2, p. 37). Mr. Potter also testified to being

16   in the process of removing trees in December 2009 (Ct. Rec. 76-3, p. 40). The

17   Plaintiffs reply to the Defendant's use of this evidence by offering that there could

18   have been an alternative reason for not clearing away the burnt trees, such as

19   inability to afford the costs of removal (Ct. Rec. 82, p. 5). Plaintiffs also argue

20   that it was the Defendant's own request to leave the property in its post-fire

21   condition for purposes of investigation by defense experts, a request that Plaintiffs

22   accommodated and that prevented Plaintiffs from removing burnt debris sooner

23   (Ct. Rec. 82, p. 5). In support of this argument, Plaintiffs submit e-mail

24   correspondence between Plaintiffs' and Defendant's counsel indicating that

25   Defendant's counsel released Plaintiffs from their agreement to preserve the

26   property in its post-fire condition on May 21, 2009 (Ct. Rec. 83, p. 4).

27       The Defendant also asserts that plaintiff Keith Geschke testified that he did

28   not remove burnt trees as of the date of his deposition (Ct. Rec. 75, p. 7), and

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 9

1  Defendant's counsel's declaration states that a portion of Keith Geschke's
2  deposition transcript is attached to the declaration (Ct. Rec. 76, p. 2).  However,
3  the deposition of Keith Geschke's brother, Randy Geschke, instead is attached and
4  does not support Defendant's assertion.

5      So the question is whether Mr. Simmons's and Mr. Potter's statements
6  demonstrate a genuine issue of material fact that should preclude summary
7  judgment dismissal of the Defendant's failure to mitigate affirmative defense.  In
8  Washington the mitigation of damages defense "prevents an injured party from
9  recovering damages that the party could have avoided through reasonable efforts."
10 *Jaeger v. Cleaver Const., Inc.*, 148 Wn. App. 698, 714, 201 P.3d 1028 (Wash.
11 App. Div. 2 2009) (citing *Labriola v. Pollard Group, Inc.* 152 Wn.2d 828, 840,
12 100 P.3d 791 (2004)).  The person who stands to suffer a loss because of another's
13 wrong may exercise significant discretion.  *Jaeger*, 148 Wn. App. At 714-15.

14     Defendant appears, based on evidence submitted by the Plaintiffs, to have
15 released Mr. Simmons, Mr. Potter, and the other Plaintiffs from an agreement to
16 preserve the property in its post-fire condition in May 2009 (Ct. Rec. 83, p. 4).
17 Mr. Simmons testified in his November 2009 deposition that he was still in the
18 process of removing burnt trees from his property (Ct. Rec. 76-2, p. 37).  Mr.
19 Potter similarly stated in December 2009 that he had hired friends to help him take
20 down and remove the remaining burnt trees, which constituted at that time
21 approximately half of those damaged by the 2007 fire (Ct. Rec. 76-3, p. 40).
22 Summary judgment would be appropriate on this affirmative defense only if the
23 reasonableness of the Plaintiffs' courses of action regarding tree removal after the
24 fire were beyond question.  *See Briskin v. Ernst & Ernst*, 589 F.2d 1363, 1368 (9th
25 Cir. 1978).  The Court finds that there remains a genuine issue of material fact for
26 the factfinder as to whether the Plaintiffs faced more than one reasonable option
27 and simply chose one of them by waiting to remove all of the burnt trees from
28 their properties.  *See Jaeger*, 148 Wn. App. At 714-15.  Therefore, the Court finds

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 10

1    that summary judgment on Defendant's failure to mitigate affirmative defense is

2    not justified.

3          2.    *Comparative Negligence*

4          The Plaintiffs argue that there is no evidence that the Plaintiffs caused the

5    fires or acted in any way that demonstrated fault, carelessness, negligence, or gross

6    negligence (Ct. Rec. 67, p. 9). The Plaintiffs also contend that the Defendant must

7    show that the Plaintiffs fell short of a specific duty of care to survive summary

8    judgment on this affirmative defense (Ct. Rec. 82, p. 6). The Defendant responds

9    that a contradiction between two expert reports is evidence of an issue of material

10   fact (Ct. Rec. 75, p. 8).

11         Washington's comparative fault statute apportions damages between a

12   negligent plaintiff and a negligent defendant. *Geschwind v. Flanagan*, 121 Wn.2d

13   833, 837, 854 P.2d 1061 (1993); RCW §§ 4.22.005, 4.22.015. The definition of

14   "fault" includes "acts or omissions . . . that are in any measure negligent or

15   reckless toward the person or property of the actor or others . . . [,] unreasonable

16   assumption of risk, and unreasonable failure to avoid an injury or to mitigate

17   damages." RCW 4.22.015. Plaintiff's fault requires proof of the same elements

18   required to prove a defendant's fault: (1) a duty that the plaintiff owed him- or

19   herself, (2) breach of the duty, (3) legal causation, and (4) damages. *See* RCW

20   4.22.015; Ryan P. Harkins, *Holding Torfeasors Accountable: Apportionment of*

21   *Enhanced injuries*, 76 WASH. L. REV. 1185, 1191 (2001). "Generally, the issue of

22   contributory negligence is one for the jury." *Geschwind*, 121 Wn.2d at 837.

23         Defendant proffers evidence that the parties' respective experts, who

24   prepared reports appraising the damage to the Plaintiffs' trees and other property,

25   presented conflicting findings as to the Plaintiffs' pre-fire maintenance of their

26   properties. The Plaintiffs' expert, Mr. Flott, found that the Plaintiffs had removed

27   dead trees and periodically removed understory debris (Ct. Rec. 76-1, p. 9). The

28   Defendant's expert, Dr. Kjelgren, reported that the Plaintiffs had not controlled

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 11

volunteer seedlings on their properties, which created a fire hazard that was in place at the time of the fire (Ct. Rec. 76-5, p. 46, 50).

The Court finds that this conflicting evidence creates a genuine issue of material fact on the element of breach of duty that makes summary judgment inappropriate for the Defendant's comparative fault defense.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Court notes that Defendant has withdrawn all but two of its affirmative defenses: failure to mitigate and comparative fault. The Defendant's claimed defense of "Accident/Casual/Involuntary," (Ct. Rec. 54, p. 8) is not an affirmative defense and is addressed by the Court's order at Ct. Rec.117.

2.  Plaintiffs' motion for summary judgment  (**Ct. Rec. 66**) is **DENIED**. The Court declines to find liability as a matter of law, and the Court declines to dismiss Defendant's mitigation of damages and comparative negligence affirmative defenses.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of April, 2010.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 12