UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON and LAURA JONGEWARD, husband and wife; GORDON and JEANNIE JONGEWARD, husband and wife and as Trustees of the Jongeward Family Trust; CHARLES POTTER, a single man; JOANN POTTER, a single woman; SCOTT and MICHELLE SIMMONS, husband and wife; RICK and CHRIS HOSMER, husband and wife; KEITH and MARIANNE GESCHKE, husband and wife; RANDY and COLLEEN GESCHKE, husband and wife; and GEANA VAN DESSEL, a single person,<br><br>                Plaintiffs,<br><br>   v.<br><br>BNSF RAILWAY COMPANY, commonly known as THE BURLINGTON NORTHERN SANTA FE RAILWAY, a Delaware corporation doing business in the State of Washington,<br><br>                Defendant. | NO:  CV-09-0010-RMP<br><br>ORDER ON PARTIAL SUMMARY JUDGMENT |

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 1

Before the Court is Plaintiffs' motion for partial summary judgment (Ct. Rec. 128). Plaintiffs are individuals and married couples who have an interest in real property in the Marshall area of Spokane County, Washington. Plaintiffs' motion (Ct. Rec. 128) raises a nearly identical issue to one of the issues raised in Plaintiffs' previous summary judgment motion (Ct. Rec. 66)—whether Defendant BNSF Railway company, also known as the Burlington Northern Santa Fe Railway Company ("BNSF"), is liable as a matter of law for the damage to Plaintiffs' properties from a fire that spread from BNSF's right-of way on August 11, 2007. The Court denied Plaintiffs' previous motion for summary judgment (Ct. Rec. 122).

However, the Court permitted supplemental briefing to be filed on this motion because of the disclosure by BNSF of new relevant evidence. Therefore, the Court considers the issue of Defendant's negligence in light of the additional factual information and legal analysis submitted by the parties. The Court reviewed the extensive filings issued by the parties in relation to this motion,[1] and issued an oral ruling on December 16, 2010. This order memorializes and supplements the Court's oral ruling.

---

[1] Ct. Recs. 128, 130, 131, 132, 133, 134, 135, 144, 145, 146, 148, 149, 162, 186, 187, 188, 189, 192, 193, 198, 199, 200, 201, and 210.

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 2

## I. Background

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to this particular motion.

BNSF operates a railroad in Washington and elsewhere on railroad lines that it owns and maintains, including a line between Spokane, Washington, and Pasco, Washington. On August 11, 2007, a BNSF train consisting of three locomotives and seventy railcars left Spokane around 10:45 a.m. headed for Pasco. BNSF's locomotive 1805 was part of the consist and was under power.

Locomotive 1805 is a roots blown locomotive, equipped with retention traps as part of its exhaust system. It had been under yard service prior to being moved as a working unit from Spokane to Pasco on August 11, 2007. The weather on August 11 was hot and dry, and as the train passed through the Marshall area southwest of Spokane, fire broke out at several points along the BNSF right-of-way. The fire spread to damage two houses and more than 360 acres, destroying many trees.

Following the Marshall fire, an internal BNSF investigation determined that BNSF employee James Jensen did not properly clean carbon deposits from the retention traps on Locomotive 1805 before that locomotive was transported under power to Pasco on August 11 (Ct. Rec. 191-14 at 30; Ct. Rec. 191-15 at 34).

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 3

The Washington State Department of Natural Resources ("DNR") responded to the fire and investigated its cause. The DNR report following the investigation ruled out other potential causes of the fire and found that the BNSF train caused the fires (Ct. Rec. 134-1 at 15).

## II. Jurisdiction and Summary Judgment Standard

This Court exercises jurisdiction pursuant to 28 U.S.C. § 1332 and, therefore, applies Washington state substantive law. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties differing

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 4

versions of the truth at trial." *T.W. Elec. Service, Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). At summary judgment, the Court draws all reasonable inferences in favor of the non-moving party. The Court will not presume missing facts, and non-specific facts in affidavits are not sufficient to support or undermine a claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III. Analysis

Plaintiffs seek a determination of BNSF's liability under Plaintiffs' negligence-based claims. In Plaintiffs' First Amended Complaint (Ct. Rec. 53), Plaintiffs raised claims of negligence and negligently igniting and allowing a fire to spread under RCW 4.24.040 (creating a cause of action for negligently permitting a fire to spread from one's own property to adjacent property). Plaintiffs acknowledge that the issue of damages remains a question for the jury, but maintain that there are no genuine issues of material fact as to whether BNSF's violation of an applicable standard of care proximately caused the fire that damaged Plaintiffs' properties.

Negligence requires (1) a duty to conform to a certain standard of conduct owed to the complaining party, (2) a breach of that duty, and (3) a showing that the breach was the proximate cause of the complaining party's injury, and (4) legally compensable damages. *See, e.g., Hertog v. City of Seattle*, 138 Wn.2d 265, 275

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 5

(1999), *aff'd in part, rev'd in part on other grounds*, 155 Wn.2d 306 (2005). The elements of negligence also apply to claims under RCW 4.24.040. *See General Ins. Co. of America v. Northern Pac. Ry. Co.*, 280 U.S. 72, 77 (1929).

Washington law follows the general rule that "every actor whose conduct involves an unreasonable risk of harm to another 'is under a duty to exercise reasonable care to prevent the risk from taking effect.'" *Minahan v. W. Wash. Fair Ass'n*, 117 Wn. App. 881, 897 (2003) (quoting Restatement (Second) of Torts §321 (1965)).[2] The existence of a duty turns on the foreseeability of the risk created by the actor's behavior. *Rikstad v. Holmberg*, 76 Wn.2d 265, 269 (1969); *Parilla v. King County*, 138 Wn. App. 427, 436 (2007). "A duty can arise either from common law principles or from a statute or regulation." *Doss v. ITT Rayonier, Inc.*, 60 Wn. App. 125, 129, *review denied*, 116 Wn.2d 1034 (1991).

---

[2] *See also* 16 Wash. Prac., Tort Law And Practice § 1.13 (3d ed. 2010), which states: "Most tort liability arises from conduct that imposes a risk of harm to other people. For example, when a person drives a car, operates a train, or distributes flammable gas, the defendant's conduct has created a *risk* of harm to others. By creating the risk of harm to others, the defendant is charged with a duty to use reasonable care to see that injury to others does not occur."

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 6

The Railroad Locomotive Safety Standards, Part 229 of Title 49, Code of Federal Regulations, prohibit carriers from using or permitting to be used on its line "any locomotive unless the entire locomotive and its appurtenances . . . [a]re in proper condition and safe to operate in the service to which they are put, without unnecessary peril to life or limb" and "[h]ave been inspected and tested as required by this Part."  49 CFR 229.7.

BNSF internal maintenance policy "MNT-0138" establishes requirements to clean the exhaust manifold retention traps, exhaust stack, and extensions on non-turbocharged engines such as the roots blown locomotive at issue in this case.  *See* (Ct. Rec. 191-16 at 36-37).  As stated in a Maintenance Advisory on February 23, 2000, BNSF policy is that any locomotive that has been in yard service for over 15 days must be cleaned consistent with MNT-0138 before being placed under power (Ct. Rec. 191-16).  The Advisory cautioned: "Adhering to this policy is critical in preventing fires started by locomotives with an excessive amount of carbon in the exhaust system" (Ct. Rec. 191-16 at 39).

BNSF admits that "on August 11, 2007, BNSF considered MNT-0138 to be its standard of reasonable care regarding inspection and cleaning of retention traps and stack extensions in roots blown locomotives"  (Ct. Rec. 191-15 at 34).  BNSF further admits that its employee "failed to sufficiently clean carbon deposits from one or more mechanical retention traps of Locomotive 1805" pursuant to MNT-

ORDER ON PARTIAL SUMMARY JUDGMENT ~ 7

0138 before the locomotive left Spokane on August 11, 2007 (Ct. Rec. 191-15 at 34).

This Court finds that, in light of the federal regulation, BNSF's maintenance policy, and BNSF's admission that it considered the maintenance policy requiring cleaning of retention traps the applicable standard of care, there is no question of fact that there was a foreseeable risk of fire from putting Locomotive 1805 under power on the line between Spokane and Pasco on August 11, 2007 without having properly cleaned the retention traps.

Nor is there a question of fact as to whether BNSF failed to exercise reasonable care as required by law. BNSF's internal investigation determined that its actions fell below the level of care BNSF itself determined was reasonable and disciplined its employee for failing to meet that standard of care. Finally, viewing the record in the light most favorable to BNSF, the non-moving party, there is nothing in the record to create a material question of fact as to whether the BNSF train caused the Marshall fire. *See e.g.,* DNR Report (Ct. Rec. 134-1 at 15) (concluding that "[a]ll fire causes were ruled out . . . except for Railroad caused").

The Court finds that Plaintiffs have provided sufficient evidence to support that BNSF was negligent and that Plaintiffs are entitled to summary judgment on the issue of liability in this case.

//

Accordingly,

**IT IS HEREBY ORDERED:**

**1.** Plaintiff's Motion for Partial Summary Judgment (**Ct. Rec. 128**) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 22nd day of December, 2010.

                                         *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                       United States District Court Judge